Gabrielli, J.
(concurring). I concur and am in entire agreement with the memorandum for affirmance, but I think it appropriate to also address the merits of the issue raised on this appeal. Miranda v Arizona (384 US 436) does not require any ritualistic incantation to effectuate its salutary purpose of alerting a suspect to his constitutional rights to remain silent and to have the assistance of an attorney (see United States v Vanterpool, 394 F2d 697, 698-699). Here the defendant was given the following admonitions by the arresting officer:
"You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney. If you cannot afford an attorney, one will be provided for you by the state.”
In light of this statement, which fairly apprised the defendant of his right to an attorney prior to making any statement to the police, defendant’s belated claim that the warnings were improper because he was not specifically informed of his right to have an attorney present during questioning, is without merit. Defendant was told without qualification that he had a right to an attorney. In the context of the previous advisement that he did not have to make any statement to the police, the defendant was effectively informed that he had the right to consult an attorney before making any statement to the police. It is sufficient that the preinterrogation admonitions mandated by Miranda be imparted in a manner sufficiently clear and comprehensible for the ordinary person to understand his rights (People v Swift, 32 AD2d 183, 187, cert den 396 US 1018; United States v Lamia, 429 F2d 373, cert *1014 den 400 US 907). This is especially true in the situation of an "on the street” confrontation between police officer and suspect, where the coercive atmosphere is not great nor is there significant danger that extended pressure will be brought to bear on a suspect to waive his interrogation rights (see People v Rodney P. [Anonymous], 21 NY2d 1, 4-5). The Second Circuit Court of Appeals has upheld warnings in a context similar to that of the instant case where questioning occurred immediately after arrest at the scene of the crime (United States v Vigo, 487 F2d 295, 299; United States v Cusumano, 429 F2d 378, cert den sub nom. Riggno v United States, 400 US 830). In the Cusumano case (supra, p 380), the court remarked that "[i]t is unrealistic to expect the same degree of formality with respect to waiver in questioning 'on the street’ as in the stationhouse.” Furthermore, there is no claim here that the defendant did not understand the admonitions given to him or that he was not capable of making an intelligent and knowing decision to waive his interrogation rights because of any abusive police activity, education, intelligence or other circumstances (People v Swift, 32 AD2d 183, 187, supra).
"The Supreme Court did not prescribe an exact format to be used in advising a suspect of his constitutional right to remain silent but rather left to the courts the duty of guarding against any invasion of that right” (United States v Lamia, 429 F 2d 373, 375-376, supra). * The Judge at the suppression hearing in the case before us found that the arresting officer informed the defendant of his right to remain silent and his right to have an attorney and that the defendant indicated that he understood these rights. No investigative acts nor questioning concerning any criminal acts took place prior to the warnings and advice given by the police. The findings, affirmed by the Appellate Division, are binding upon this court (People v Robles, 27 NY2d 155, 157; People v Leonti, 18 NY2d 384, 389). I cannot conclude that as a matter of law the recitation of preinterrogation admonitions was inadequate under the circumstances presented in this case and, therefore, vote to affirm.

 The warnings in the Lamia case were almost identical to those in issue here; the police officer testified that he informed the defendant that " 'he need not make any statements to us at that time, that any statement he would make could be used against him in court; that he had a right to an attorney, if he wasn’t able to afford an attorney, an attorney would be appointed by the court’ ” (supra, pp 374-375; see, also, United States v Pacelli, 470 F2d 67, 71; United States v Floyd, 496 F2d 982, 988, for similar warnings).